UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | No. 23 C 5074 |
| v. | ) | |
| | ) | Judge Sara L. Ellis |
| JOHNNY KIMBLE | ) | |

## OPINION AND ORDER

Petitioner Johnny Kimble is serving a 51-month sentence for unlawful possession of a firearm, 18 U.S.C. § 922(g)(1). Kimble petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, asserting that the Court should vacate his conviction because § 922(g)(1) is unconstitutional and, alternatively, that the Court should reduce his sentence because he received ineffective assistance of counsel at sentencing. The parties agree that Kimble's challenge to the constitutionality of § 922(g)(1) is premature, so the Court defers ruling on the issue. Because Kimble has established that his trial counsel failed to meet a reasonable standard of representation and that that representation prejudiced him, the Court grants Kimble's writ for habeas corpus as to his ineffective assistance of counsel claim.

## BACKGROUND

On October 27, 2019, Chicago police arrested Kimble for unlawful possession of a firearm. After charging Kimble, the State released him on bond. On August 16, 2020, while still on bond in his state case, Kimble was arrested again for possessing a firearm. As a result, the State revoked Kimble's bond, so Kimble returned to state custody on August 16, 2020.

The State ultimately did not charge Kimble for the August 16, 2020 conduct; however, the federal government did. Following the return of the federal indictment, the court issued a federal writ *ad prosequendum* on November 11, 2020. The writ was not executed "due to an

unforeseen circumstance." *United States v. Kimble*, No. 20-cr-619, Doc. 9. The court then issued a second federal writ *ad prosequendum* on December 16, 2020. Before the second writ was executed, however, on December 17, 2020, Kimble pleaded guilty to his original state gun charges arising out of the October 2019 arrest and received a three-year sentence. The state court credited him 418 days for time served.

On January 8, 2021, the second writ was executed, and Kimble transferred from the Cook County Jail to the Metropolitan Correctional Center (the "MCC"). Later that year, on October 19, 2021, Kimble pleaded guilty to one count of being a felon in possession of a weapon under 18 U.S.C. § 922(g)(1). The pretrial sentence report calculated Kimble's total offense level as 17 and his criminal category as VI, resulting in a guidelines range of 51 to 63 months.

At his sentencing on June 2, 2022, Kimble requested a 35-month sentence as well as credit for the 145 days he remained in custody between his arrest on August 16, 2020 and his federal arraignment on January 8, 2021. Kimble's attorney failed to inform the court that Kimble served 510 days in the MCC between the time the second writ *ad prosequendum* was executed and the date of his federal sentencing and that the BOP would not credit that time toward his federal sentence because that time counted toward Kimble's state sentence. Kimble's trial counsel assumed Kimble would receive credit for the time he spent in the MCC because she did not know that Kimble remained primarily in state custody while on the writ *ad prosequendum*. Doc. 16-3 at ¶ 5. After considering Kimble's acceptance of responsibility, his upbringing, his criminal history, and the facts of the underlying offense, the court did not find a basis to depart from the guidelines range of 51 to 63 months. *United States v. Kimble*, No. 20-cr-619, Doc. 62 at 20–22. The court sentenced Kimble to 51 months, the low end of the guidelines,

to run concurrent to his state sentence, which Kimble's counsel incorrectly informed the court he had not started serving because he had been in federal custody. *Id.* at 30.

On June 21, 2023, after his federal sentencing, Kimble returned to custody of the Illinois Department of Corrections ("IDOC"). Pursuant to IDOC's calculations, Kimble's release date on his state conviction would have been April 19, 2021. Doc. 23-2. IDOC paroled Kimble on June 23, 2023. Kimble then returned to federal custody. The Bureau of Prisons ("BOP") credited Kimble 123 days on his sentence—from August 16, 2020, the date of his arrest, to December 16, 2020, the date of his sentencing in his state case. Doc. 23-4 at 2. According to the BOP, Kimble's projected release date is December 15, 2025. *Id*.

Kimble appealed solely on the basis that the sentencing judge failed to address Kimble's request for a lower sentence, which would have accounted for the 145 days for which Kimble requested credit at his sentencing. The Seventh Circuit denied his appeal and upheld the sentence. It determined that while the court has the discretion to consider time served on a state sentence to lower a sentence, Kimble's trial attorney failed to properly develop the argument because she incorrectly presented the request to the trial court as one for sentencing credit, which is reserved for the BOP to determine. *United States v. Kimble*, No. 22-2058, 2023 WL 2259153, at *3 (7th Cir. Feb. 28, 2023).

## LEGAL STANDARD

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

3

set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that . . . there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

## ANALYSIS

Kimble asserts two grounds for relief in his habeas petition. First, Kimble argues that the Court should vacate his conviction because § 922(g)(1) is unconstitutional given the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Both Kimble and the government agree that the Court should stay its decision on whether to vacate Kimble's conviction under *Bruen* pending decisions regarding the constitutionality of § 922(g)(1) by the higher courts.[1]

Kimble also contends that he received ineffective assistance of counsel at his sentencing because his trial attorney failed to inform the court that he would not receive credit on his sentence for the 510 days he served in the MCC while on a writ *ad prosequendum*. Before discussing the merits of Kimble's arguments, however, the Court must determine whether it has the jurisdiction to hear this claim.[2]

---

[1] Kimble initially asserted the Court should wait to resolve his *Bruen* argument until the Supreme Court ruled in *Range v. Garland*, 69 F. 4th 96 (3d Cir. 2023). After the parties finished briefing in this case, the Supreme Court remanded *Range* to the Third Circuit for a ruling consistent with its decision in *United States v. Rahimi,* 602 U.S. --- (2024). *See Garland v. Range*, No. 23-374, 2024 WL 3259661, at *1 (July 2, 2024). While the Supreme Court did not ultimately weigh in on the constitutionality of § 922(g)(1) directly, the Seventh Circuit will be addressing the constitutionality of § 922(g)(1) in *United States v. Prince*, No. 23-3155. Accordingly, the Court finds it appropriate to stay its decision until the Seventh Circuit addresses the question.

[2] While neither party discusses whether the Court may hear this claim, the Court cannot provide habeas relief under § 2255 if it does not have jurisdiction to consider the claim.

4

I.  Jurisdiction

Section 2255 does not permit the court to entertain a petition challenging the calculation of credit applied to a sentence, as the BOP retains the "exclusive authority over the computation of credit for time served under § 3585." *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019). Accordingly, "[r]equests for sentence credit," including those for credit of time already spent in state custody, "must be presented to the Attorney General (or her delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241, or perhaps a suit under the Administrative Procedure Act (to the extent 18 U.S.C. § 3625 permits)." *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000); *see also United States v. Taylor*, 605 F. Supp. 3d 1079, 1083 (N.D. Ill. 2022) (denying petitioner's § 2255 motion seeking credit to his federal sentence because the BOP, not the trial court, calculates sentencing credit); *Baxter v. United States*, No. 16-CR-40010-JPG, 2020 WL 2308217, at *2 (S.D. Ill. May 8, 2020) (rejecting the petitioner's § 2255 motion because "the relief he seeks—credit toward his sentence—is not available through a § 2255 motion" but instead should have been raised in a § 2241 motion after exhausting his administrative remedies).

However, Kimble does not seek sentencing credit or challenge how the BOP calculated the credit for his sentence. Instead, Kimble asserts that his trial counsel failed to provide effective assistance of counsel at his sentencing because she did not instruct the court of the time that Kimble served while on a writ *ad prosequendum*, which is time for which the BOP could not provide him credit but that the court could consider when imposing the sentence. *See United States v. Whitlow*, 740 F.3d 433, 440 (7th Cir. 2014) ("[T]he court does in fact possess the discretion to adjust Whitlow's sentence to account for the time the BOP refused to credit."). Unlike petitions challenging the BOP's calculations of sentencing credit, claims for ineffective

assistance of counsel at sentencing are cognizable under § 2255. *See Iroegbulem v. United States*, No. 18 CV 8422, 2020 WL 1974380, at *3 (N.D. Ill. Apr. 24, 2020) ("But sentencing errors couched in terms of ineffective assistance of counsel are cognizable to the extent they satisfy the standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1994)."); *see also United States v. Murray*, 176 F.3d 476 (Table), 1999 WL 187192, at *3 n.6 (4th Cir. 1999) (finding that a defendant properly brought a § 2255 petition challenging errors at his sentencing by "styling his sentencing claim as an ineffective assistance of counsel claim"). Because Kimble's challenge is to his attorney's representation at sentencing, his claim is cognizable under § 2255. *See Iroegbulem*, 2020 WL 1974380, at *3. As such, the Court proceeds to the merits of Kimble's ineffective assistance of counsel claim.

## II. Ineffective Assistance of Counsel

The Sixth Amendment guarantees the accused in all criminal prosecutions "the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is crucial to ensure a fair trial because "access to counsel's skill and knowledge is necessary to accord defendants the 'ample opportunity to meet the case of the prosecution' to which they are entitled." *Strickland v. Washington*, 466 U.S. 668, 685 (1984) (citation omitted). The mere presence of an attorney "alongside the accused, however, is not enough to satisfy the constitutional command"—a defendant's "right to counsel is the right to the effective assistance of counsel." *Id*. at 685–86 (citation omitted). This right extends to sentencing. *Lafler v. Cooper*, 566 U.S. 156, 165 (2012). Under the Supreme Court's decision in *Strickland*, Kimble must satisfy two prongs to demonstrate ineffective assistance of counsel; he must show both (1) that his "counsel's performance was deficient" and (2) that this "deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687.

### A. Performance

To establish the performance prong of the *Strickland* test, Kimble must show that his attorney's performance failed to meet an objective standard of reasonableness under prevailing professional norms. *Id*. at 687–88. The court's "scrutiny of counsel's performance [is] highly deferential," *id*. at 689, and Kimble "must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Perrone v. United States*, 889 F.3d 898, 908 (7th Cir. 2018) (citations omitted) (internal quotation marks omitted). In assessing counsel's performance, the court does "not second guess the reasonable tactical decisions of counsel." *Johnson v. Thurmer*, 624 F.3d 786, 792 (7th Cir. 2010). But "[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*." *Vinyard v. United States*, 804 F.3d 1218, 1225 (7th Cir. 2015) (citing *Hinton v. Alabama*, 571 U.S. 263, 274 (2014)); *see also Osagiede v. United States*, 543 F.3d 399, 409 (7th Cir. 2008) ("All lawyers that represent criminal defendants are expected to know the laws applicable to their client's defense.").

Kimble claims that his trial attorney's failure to understand how the BOP would credit the time he spent while in the MCC on a writ *ad prosequendum* amounts to unreasonable performance in violation of *Strickland*. The Seventh Circuit law is clear: "time spent in federal custody under a writ of habeas corpus *ad prosequendum* is not creditable toward the federal sentence." *Easley v. Stepp*, 5 F. App'x 541, 543 (7th Cir. 2001). A writ *ad prosequendum* "permits one sovereign to temporarily 'borrow' a person in the custody of another sovereign for the purpose of prosecuting him." *Loewe v. Cross*, 589 F. App'x 788, 790 (7th Cir. 2014). Accordingly, "[t]he issuance of the writ of habeas corpus *ad prosequendum* did not alter

[Kimble's] custody status"; instead "[i]t merely changed the location of his custody for the sentence he was already serving." *Sinito v. Kindt*, 954 F.2d 467, 469 (7th Cir. 1992). And because Kimble received credit for his time on the writ *ad prosequendum* on his state sentence, the BOP could not award Kimble credit for the time he served in the MCC against his federal sentence. *See Short v. Revell*, 152 F. App'x 542, 544–45 (7th Cir. 2005) ("But the BOP cannot give credit for any period of presentence custody that has already been credited against another sentence, and though Short was physically in the hands of the marshals service during the ten months before his federal sentencing, he remained in the legal custody of Indiana during that period and received credit against his state sentence." (citations omitted)).

      Here, the record shows that Kimble's attorney failed to understand that time served on a writ *ad prosequendum* cannot apply to a federal sentence. At sentencing, Kimble's attorney incorrectly told the court that Kimble had not yet started serving his state sentence. Doc. 62 at 30 ("He has been sentenced. But because he's in federal custody he has not begun to serve his sentence in state court."). And in her affidavit, Kimble's attorney explains that her failure to ask for a lower sentence to account for Kimble's time in the MCC was not a strategic reason, but instead reflected her lack of understanding of how time served while on a writ *ad prosequendum* counted toward a sentence. Doc. 16-3. Kimble's attorney's assumption that Kimble would receive credit for time he served while on the writ was unreasonable given the long-standing clearly established law stating the very opposite outcome. *See Gilbert v. United States*, 64 F.4th 763, 773 (6th Cir. 2023) (recognizing that a trial attorney's failure to properly advise his client that time served while on writ *ad prosequendum* would apply to his state sentence and not his federal sentence constitutes deficient performance); *Fleming v. United States*, No. 12 C 1845, 2012 WL 3779066, at *4 (N.D. Ill. Aug. 29, 2012) (finding the petitioner may have a colorable

8

ineffective assistance of counsel claim based on counsel's guarantee that all the time the petitioner spent in pretrial custody would count toward his federal sentence when the BOP did not credit him any time because the time was credited to the petitioner's state sentence).

### B. Prejudice

Kimble must also show "that 'but for counsel's errors, there is a reasonable probability that the result would have been different.'" *Perrone*, 889 F.3d at 908 (citation omitted). The Supreme Court recognizes that "ineffective assistance of counsel during a sentencing hearing can result in *Strickland* prejudice because 'any amount of [additional] jail time has Sixth Amendment significance.'" *Lafler*, 566 U.S. at 165 (quoting *Glover v. United States*, 531 U.S. 198, 203 (2001)).

Here, Kimble argues that he will serve 510 days more than what he otherwise would need to serve had his trial counsel understood how the BOP assigned credit for time served on a writ *ad prosequendum*. As previously noted, the sentencing judge may consider time served in pre-trial that Kimble may not receive from the BOP on his federal sentence to lower Kimble's sentence. *See Kimble*, 2023 WL 2259153, at *3. And while the court ultimately sentenced Kimble to the low end of the guidelines after considering all of the factors presented to it, it also made clear its intent that Kimble not serve additional state time on top of his federal sentence by ordering Kimble's federal sentence to run concurrently with his state sentence. Doc. 61 at 30 ("This judgment of conviction of 51 months is concurrent with that state case as you have identified it by number. If it needs any further clarification, this sentence is not imposed consecutively to the state case."). As such, Kimble's attorney's failure to properly inform the court of the status of his state sentence prejudiced Kimble in his sentencing. Accordingly, the Court vacates Kimble's sentence and orders a new sentencing hearing. *Garner v. United States*,

808 F.3d 716, 719 (7th Cir. 2015) (ordering a new sentencing after vacating petitioner's sentence after a habeas review).

## CONCLUSION

For the foregoing reasons, the Court grants Kimble's amended petition for writ of habeas corpus [16] in part and orders a new sentencing hearing.

Dated: August 24, 2024

_____
SARA L. ELLIS
United States District Judge